**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 12-CV-22129-ROSENBAUM**

U.S. COMMODITY FUTURES TRADING
COMMISSION,

          Plaintiff,

vs.

JOSE S. RUBIO, RUBIO WEALTH
MANAGEMENT, LLC,

          Defendants.

_____/

## ORDER GRANTING PLAINTIFF'S MOTION FOR ALTERNATIVE SERVICE OF PROCESS BY ELECTRONIC MAIL

      This matter comes before the Court on Plaintiffs' Motion for Alternative Service of Process by Electronic Mail [D.E. 13] pursuant to Rules 4(f)(3) and 4(h)(2) of the Federal Rules of Civil Procedure. On June 7, 2012, Plaintiff filed its Complaint [D.E. 1] against Defendants charging them with fraud and other violations of the Commodity Exchange Act and CFTC regulations. D.E. 14 at 2. As detailed below, Plaintiff has repeatedly and unsuccessfully tried to serve Defendants with the Complaint in this case since then. Therefore, Plaintiff seeks to serve Defendants Jose S. Rubio ("Rubio") and Rubio Wealth Management, LLC ("RWM") via the email address jrubio8100@yahoo.com.

      According to Plaintiff, Rubio is the sole officer, manager, and employee of RWM. D.E. 1 ¶ 26. Plaintiff has discovered that Rubio maintained residences at 8100 Southwest 162 Street, Miami, Florida, and at 9201 Collins Avenue, Apartment 1025, Surfside, Florida. D.E. 14 at 2. Based on its

last filed notice with the National Futures Association, RWM's address was 815 Ponce de Leon Boulevard, Suite 304, Coral Gables, Florida. *Id.* After the Complaint was filed, Plaintiff's process servers attempted to serve Defendants at these addresses but were unsuccessful.  D.E. 14 at 3. According to the process server, a receptionist in another office at 815 Ponce de Leon Boulevard said that Defendants had moved out of the building four or five years ago. D.E. 15 at 43.  At the 8100 Southwest 162 Street address, a woman answered the door and related that she and her husband had purchased the house from the bank two years earlier.  D.E. 15 at 42.  Finally, the current tenant of 9201 Collins Avenue, Apartment 1025, stated that the Defendant does not live there.  D.E. 15 at 45. Failing to reach Defendants at their known addresses, Plaintiff subsequently tried to serve Rubio at his mother's house in Pennsylvania but was similarly unsuccessful.  D.E. 14 at 2.

As part of a parallel investigation by the State of Florida, the Florida Office of Financial Regulation ("OFR") interviewed Rubio under oath on February 15, 2011.  D.E. 16 ¶ 3.  During this sworn testimony, Rubio stated that his email address is jrubio8100@yahoo.com and that he also sometimes receives email at jose@rubiowealth.com. D.E. 16 ¶ 5.  Additionally, Plaintiff reports that it has previously emailed copies of the summons and complaint to the Yahoo email address and received automated successful delivery confirmations.  D.E. 14 at 4; D.E. 15 ¶ 19.  Plaintiff has also emailed a "request to confer" to the Yahoo address and similarly received a successful delivery confirmation.  D.E. 15 ¶ 19.  These confirmations include a message noting that the confirmation was sent from a "Blackberry® device from Digicel."  D.E. 15 ¶ 18.  According to Plaintiff, Digicel is a "mobile telecommunication provider that operates primarily in the Caribbean, Central and South America." *Id.*

As a result of these delivery-confirmation messages, Plaintiff believes that Defendant Rubio

is currently located outside of the United States.  D.E. 13 at 1.  And, based on Rubio's sworn testimony to OFR and the successful delivery confirmations received from the Yahoo address, Plaintiff believes that Rubio's Yahoo email address is operational and is a reliable means of communicating with Rubio.  Further, the Court takes notice that RWM has been administratively dissolved by the State of Florida and at the time of dissolution, 815 Ponce de Leon Boulevard was listed as its primary address and 8100 Southwest 162 Street as its mailing and registered agent address.[1]  As Rubio is the sole officer, manager, and employee of RWM, and RWM apparently no longer has a valid physical address within the United States, Plaintiff asserts that serving Rubio is the only means currently available to serve RWM.  D.E. 14 at 4.

Rule 4(f)(3) of the Federal Rules of Civil Procedure authorizes a district court to order an alternate method for service to be effected upon defendants located outside the United States, provided it is not prohibited by international agreement and is reasonably calculated to give notice to the defendants consistent with their constitutional due-process rights.  *See Brookshire Bros. v. Chiquita Brands Int'l, Inc.*, 2007 WL 1577771, at *2 (S.D. Fla. May 31, 2007) ("[D]istrict courts have found broad discretion under Rule 4(f)(3) to authorize other methods of service that are consistent with due process and are not prohibited by international agreements.") (citing *Prewitt Enters., Inc. v. Org. of Petroleum Exp. Countries*, 353 F.3d 916, 921, 927 (11th Cir. 2003)); *Rio Properties, Inc. v. Rio Intern. Interlink*, 284 F.3d 1007, 1015 (9th Cir. 2002).  Rule 4(h)(2) allows a corporation to be served outside the United States "in any manner prescribed by Rule 4(f)," including

---

[1] The Federal Rules of Evidence permit a court to take judicial notice, on its own, of facts "generally known within the trial court's territorial jurisdiction" or those that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Public records are included among the facts a court may notice. *Chinn v. PNC Bank, N.A.*, 451 Fed. App'x 859, 860 & n.1 (11th Cir. 2012).

3

any manner ordered under Rule 4(f)(3). *U.S. Commodity Futures Trading Comm'n v. Aliaga*, 272 F.R.D. 617, 619 (S.D. Fla. 2011). The plain language of Rule 4(f)(3) reflects that the decision to issue an order permitting alternate means of service lies within the discretion of the District Court. *See, e.g.*, *Chanel, Inc. v. Lin*, No. 08-23490-CIV, 2009 WL 1034627, at *1-2 (S.D. Fla. Apr. 16, 2009).

Service by email is not prohibited under international agreement in this case for the simple fact that since Rubio's location is no more specific than the "Caribbean, Central or South America," this Court cannot determine which, if any, international agreements would apply. Assuming, for the sake of argument, that Rubio is located within a country that is a party to the Hague Convention on the Service Abroad of Extra-Judicial Documents in Civil and Commercial Matters (the "Hague Convention"), the Hague Convention is not applicable here because it "shall not apply where the address of the person to be served with the documents is not known." Hague Convention, Art. 1, 20 U.S.T. 361 (1969); *see also BP Prods. N. Am., Inc. v. Dagra*, 236 F.R.D. 270, 271 (E.D. Va. 2006) ("The Hague Convention does not apply in cases where the address of the foreign party to be served is unknown."). Alternately, assuming Rubio is presently in a country that is a party to the Inter-American Convention on Letters Rogatory, that Convention would not necessarily preclude service by means outside the scope of its terms. *Kreimerman v. Casa Veerkamp, S.A. de C.V.*, 22 F.3d 634, 643-44 (5th Cir. 1994); *Paiz v. Castellanos*, No. 06-22046-CIV, 2006 WL 2578807, at *1 (S.D. Fla. Aug. 28, 2006).

Email service is also reasonably calculated to give notice to Defendants. Due Process requires only that an alternative method of service "be reasonably calculated to provide notice and an opportunity to respond." *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1017 (9th Cir.

4

2002) (citing *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)). After evaluating the specifics of each case, the courts of this District have found service by email to comport with due process on a number of occasions. *See, e.g.*, *TracFone Wireless, Inc. v. Bitton*, 278 F.R.D. 687, 693 (S.D. Fla. 2012); *Aliaga*, 272 F.R.D. at 621 (due process satisfied by email addresses recently used to send messages to customers); *Chanel, Inc. v. Zhixian*, No. 10-CV-60585, 2010 WL 1740695, at *3 (S.D. Fla. Apr. 29, 2010) (due process satisfied when emails did not bounce back). *But see Lin*, 2009 WL 1034627 at *2 (denying service via email because, although an email address was active, the court had doubts that the defendant himself was specifically sending and receiving emails on the account). Here, Plaintiff has satisfied the Court that the still-active Yahoo email address that Rubio swore under oath was used by him is reasonably calculated to give Rubio and RWM notice of the action against them and an opportunity to respond.

The Court finds that Plaintiffs have shown good cause why leave should be granted to allow service of the Summonses, Complaint, and all subsequent filings in this matter upon Defendants via email. Therefore, upon consideration of the pleading, declarations, and exhibits on file in this matter, as well as the evidence submitted along with Plaintiffs' Motion for for Alternative Service of Process by Electronic Mail, it is

**ORDERED AND ADJUDGED** as follows:

1.    Plaintiffs' Motion for Alternative Service of Process by Electronic Mail [D.E. 13] is **GRANTED**.

2.    Plaintiffs shall serve the Summonses, Complaint, and all filings in this matter upon

Defendants via the email address jrubio8100@yahoo.com.

**DONE and ORDERED** in Fort Lauderdale, Florida, this 21st day of August 2012.

_____

ROBIN S. ROSENBAUM
UNITED STATES DISTRICT JUDGE

Copies:

Counsel of Record

6